IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**OREGON SHAKESPEARE
FESTIVAL ASSOCIATION**,

Case No. 1:15-cv-01932-CL

Plaintiff,

v.

**ORDER**

**GREAT AMERICAN INSURANCE
COMPANY**,

Defendant.

_____

CLARKE, Magistrate Judge

On June 7, 2016 the Court entered an Order (#33) granting Plaintiff OSF's motion for

partial summary judgment (#17) and granting in part and denying in part Defendant GAIC's

motion for summary judgment (#25). Defendant now moves the Court for entry of judgment on

Plaintiff's fourth claim for declaratory relief. Plaintiff opposes the motion. For the reasons

below, the motion (#34) is DENIED.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) allows for entry of judgment as to a claim, even

when other claims in the case remain unresolved, "only if the court expressly determines that

there is no just reason for delay."[1] A district court's determination under Rule 54(b) is a two-step process. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). First, the court must determine that it is dealing with a "final judgment." *Id.* "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427 (1956)).

Once having found finality, the district court must go on to determine whether there is any just reason for delay. *Id.* at 8. "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Id.* A district court must take into account judicial administrative interests as well as the equities involved, including such factors as whether the claims under review are separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals. *Id.*

In general, the granting of a motion under Rule 54(b) is disfavored by the courts. Rather than being common practice, it "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants." *Morrison–Knudsen v. Archer*, 655 F.2d 962, 965 (9th Cir.1981). It is true that "Rule 54(b) certification is proper if it will aid in 'expeditious decision' of the case." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir.1991). But granting

---

[1] "When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. Pro. 54(b).

a Rule 54(b) motion is not routine, nor should it become so. *Wood*, 422 F.3d at 879. Therefore,

the burden lies on the party moving for certification to show that their case's circumstances are

unusual enough to merit departure from the court's general presumption against Rule 54(b). *U.S.*

*Fire Ins. Co. v. Williamsburg Nat'l Ins. Co.*, No. 1:07–CV–00718, 2009 WL 650578, *2

(E.D.Cal. Mar. 12, 2009) (citing *Braswell Shipyards, Inc. v. Beazer E., Inc.* 2 F.3d 1331, 1335

(4th Cir.1993)).

## DISCUSSION

## I. The Order on Partial Summary Judgment did not resolve a separable claim; therefore the Court is not dealing with a "final judgment."

In determining whether to grant a Rule 54(b) motion, the court must look at whether the

claim at issue "is sufficiently divisible from the other claims such that the 'case would [not]

inevitably come back to this court on the same set of facts.'" *Jewel v. Nat'l Sec. Agency*, 810

F.3d 622, 628 (9th Cir. 2015) citing *Wood*, 422 F.3d at 879. The Ninth Circuit Court of Appeals

will "particularly scrutinize a [district court's decision to grant a 54(b) motion] to 'prevent

piecemeal appeals in cases which should be reviewed only as single units.'" *Wood*, 422 F.3d at

879 (quoting *McIntyre v. United States*, 789 F.2d 1408, 1410 (9th Cir.1986)).

This is not a complicated case. The Court's order (#33) on the parties' summary

judgment motions resolved the issue of coverage under the policy. However, while the court

agrees that the order fully resolved the claim for declaratory relief, it did not fully resolve a

nearly identical claim for breach of contract because the issue of damages has yet to be

addressed.[2] Other than the question of damages, the two claims arise out of the exact same set of

facts and the exact same legal question.

---

[2] There is also left unresolved a separable but related claim that will likely move towards trial regardless of the outcome of an appeal on the coverage issue. The claim for breach of the covenant for good faith and fair dealing

The Supreme Court has addressed a similar scenario, noting that an order establishing liability, even if considered a declaratory judgment, was not final where the trial court had not ruled on the injunction and damages that had been requested. *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737, 742 (1976). Similarly, the Ninth Circuit reversed a 54(b) certification where, even though the remaining claims were distinct, the factual bases for both legal theories were identical, and it was clear that the case would "inevitably come back to the court on the same set of facts." *Wood*, 422 F.3d at 879.

While Defendant GAIC points to the practical unlikelihood of a second appeal on the same issue, the interrelationship of the two claims is undeniable. Defendant itself fully admitted the two claims were virtually the same for purposes of the court's order on summary judgment. Moreover, the parties have indicated that the damages claimed by Plaintiff on the breach of contract are heavily disputed, which makes a second appeal much more likely. Therefore, because the two claims are factually identical, and the case could ultimately go back to the Ninth Circuit on the same set of underlying facts, the claims are not separable for purposes of a final judgment.

## II.    There is just reason for delay of final judgment.

The Court has already determined that the lack of factual and legal separability is sufficient to deny the Rule 54(b) motion. However, even if there were finality as to the claim, the Court finds that there is just reason for delay of final judgment. As noted earlier, Rule 54(b) judgment should be avoided unless the pressing needs of the litigants outweigh the potential for multiple, duplicate appeals. *Birkes v. Tillamook Cty.*, No. 3:09-CV-1084-AC, 2012 WL 2178964, at *3 (D. Or. June 13, 2012) (citing *Morrison Knudsen*, 655 F.2d at 965).

---

rests on different facts and a distinct legal determination, but ultimately it arises out of the same contract agreement between the parties.

Defendant argues that entry of judgment would serve judicial efficiency because an appellate ruling on coverage could narrow the issues for trial and prevent lengthy litigation on a potentially moot point. The Court does not find this argument persuasive. First, the argument presupposes the outcome on appeal as favorable to the Defendant. By contrast, if the Ninth Circuit affirms the Court's decision on coverage, the case will have been significantly delayed without any benefit to either party, and ultimately the same issue, or at least the same underlying facts, could be appealed for a second time once damages are determined on the breach of contract claim. This is the opposite of judicial efficiency.

Second, the Court agrees that, should Defendant prevail on appeal, the issues in this case would be considerably streamlined. However, the idea that an immediate appeal of an unfavorable coverage decision will streamline issues for trial is an argument that every defendant could make in any garden variety insurance coverage case, or even in any type of civil case after an unfavorable determination of liability, prior to a trial on damages. Defendant GAIC fails to show how this case's circumstances "are unusual enough to merit departure from the court's general presumption against Rule 54(b)." *Birkes,* 2012 WL 2178964, at *1 (citing *U.S. Fire Ins. Co. v. Williamsburg Nat'l Ins. Co.*, 2009 WL 650578, *2 (E.D.Cal. Mar. 12, 2009).

Defendant claims that the coverage determination is "novel" and "unprecedented" and "has drawn attention from insurance companies nationally concerned about the ramifications of the Court's holding." The Court agrees that this issue is unique, and deserves to be addressed with certainty at the Court of Appeals. However, the interests of the parties, as well as the interests of insurance companies and their insureds nationally, will not be served by prematurely certifying a claim for appeal before the claim is final. In fact, those exact interests will be prejudiced by a lengthy appeals process that could well result in a simple rejection of

certification and remand for determination of damages. The quickest and most efficient way to ensure a proper appeal of this case is to get the issues to trial in an expedited fashion, so that judgment can be entered on the case as a whole.

## ORDER

For the forgoing reasons, Defendant's motion for entry of judgment (#34) is DENIED.

The Court will order a telephonic scheduling conference to set dates for discovery and trial as expeditiously as possible.

It is so ORDERED and DATED this _____ day of September, 2016.

MARK D. CLARKE
United States Magistrate Judge