IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**OREGON SHAKESPEARE
FESTIVAL ASSOCIATION,**

Plaintiff,

v.

**GREAT AMERICAN INSURANCE
COMPANY,**

Defendant.

Case No. 1:15-cv-01932-CL

**ORDER**

CLARKE, Magistrate Judge

Plaintiff Oregon Shakespeare Festival (OSF) brings claims for breach of contract and the implied duty of good faith and fair dealing against an insurance provider, Great American Insurance Company (GAIC). The case comes before the Court on OSF's motion to compel discovery. For the reasons below, Plaintiff's motion (#50) is denied.

## BACKGROUND

On August 1, 2013, Plaintiff OSF reported a claim to defendant GAIC for 4 losses that started in July 30, 2013. GAIC investigated the loss, and on October 15, 2013, sent OSF a letter informing it that the claim was not covered by the policy, and that GAIC was closing its file. On November 6, 2013, OSF indicated to GAIC through its insurance broker that OSF intended to

Page 1 – ORDER

provide additional information regarding its claim. However OSF did not submit any additional information at that time. On April 28, 2014, OSF sent a letter through counsel, Attorney Michael Farnell, to GAIC indicating his legal opinion that if the claim were litigated, OSF would likely prevail and be allowed to recover attorney fees in addition to the amount of the claim. The next day, April 29, 2014, GAIC retained the law firm of Bullivant Houser Bailey, PC as its attorneys. On May 19, 2015, nearly a year later, Attorney Douglas Houser, sent a letter to Plaintiff counsel advising that "GAIC want[s] to be sure you and OSF understand that the OSF claim has not been denied and is still under investigation." GAIC conducted 14 examinations under oath between June 23 and June 25, 2015, and on August 10, 2015, GAIC wrote to OSF "to confirm its earlier denial of coverage." OSF filed its complaint in federal court on October 13, 2015.

## DISCUSSION

The issue now before the Court is the claim of attorney client privilege and work product protection over GAIC's claim file and investigation regarding OSF's claim. Plaintiff OSF moves to compel all documents related to the claims process and coverage determination. The issue is made more complicated in this case by the participation of outside counsel in the claims investigation early in the process – a full year and a half before a coverage determination was finalized. Clearly, GAIC cannot shield all aspects of its claims investigation merely by involving an outside attorney in what would otherwise be a routine process, conducted in the ordinary course of business.[1] However, it is undisputed that Attorney Douglas Houser and his firm were hired the day after GAIC received a letter from Plaintiff counsel challenging GAIC's initial coverage determination and denial. The Court finds that the letter represented a clear indication that litigation could reasonably be anticipated if GAIC continued to deny the claim. GAIC had

---

[1] The Court assumes that all claims documents generated prior to GAIC's retention of the Bullivant firm have or will be produced.

Page 2 – ORDER

every right to then retain outside legal counsel to advise it regarding the coverage issue, the claims process and investigation, and to have those communications protected from discovery.

### a. GAIC's privilege log is sufficient to enable the parties and the court to assess the claim of privilege and work product protection.

Federal Rule of Civil Procedure 26(b)(5)(A) provides the rule for claiming privilege or protecting trial preparation materials. It states:

> *Information Withheld.* When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, **will enable other parties to assess the claim.**

Fed. R. Civ. Pro. 26(b)(5)(A) (emphasis added).

GAIC has submitted a privilege log of the documents it considered protected by the attorney client privilege and the attorney work product doctrine. The entries indicate, where applicable, the sender and the recipient, the date, the content of the communication or document, and the privilege that applies. While many of the entries are brief and the descriptions of the content are somewhat vague, they affirmatively state whether counsel was involved in the communication and whether legal advice was communicated or litigation strategy was discussed. Because the Court and the parties can adequately assess whether the privilege applies to each entry, the log is sufficient under the federal rules.

### b. The attorney client privilege applies to all documents itemized in defendant's privilege log that identify Attorney Douglas Houser as party to the communication and those that identify that such communication or legal advice is being transmitted internally.

The attorney client privilege protects confidential communications between attorneys and clients that are made for the primary purpose of giving or receiving legal advice, unless the protection is waived. *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011). The attorney client privilege exists where:

> (1) legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*Id*. The party "asserting the attorney-client privilege has the burden of establishing the relationship and the privileged nature of the communication." *Id*. at 607. Because "it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." *Id*. (citation and internal quotations omitted). "If the advice sought is not legal advice, but, for example, accounting advice from an accountant, then the privilege does not exist." *Id*. (citing *Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir.1981)).

It is beyond dispute that the attorney-client privilege may apply when the client is a corporation, organization, or entity rather than a natural person. *See Upjohn Co. v. United States*, 449 U.S. 383, 389–90 (1981). Consistent with *Upjohn*, the Ninth Circuit has extended the attorney-client privilege "to communications between corporate employees, and counsel made at the direction of corporate superiors in order to secure legal advice." *United States v. Chen*, 99 F.3d 1495, 1502 (9th Cir.1996).

In this case, as discussed above, GAIC retained Bullivant Houser Bailey after threat of litigation by OSF. Thus, it sought legal advice from outside counsel, in his capacity as an attorney, regarding the coverage issue and the ongoing claims investigation. The communications between all the GAIC employees and Attorney Douglas Houser regarding such legal advice is therefore protected by the attorney client privilege unless the confidentiality of

those communications has been compromised, or unless the privilege has otherwise been waived. The Court cannot find any evidence of lack of confidentiality, or of waiver. Therefore, attorney client privilege applies to all documents itemized in defendant's privilege log that identify Attorney Douglas Houser as a sender or recipient of the communication, or identify that such communication or legal advice is being transmitted internally, between corporate employees.

### c. The attorney work product doctrine applies to any entries in the privilege log that identify documents prepared by or for the attorney after April 28, 2014.

A qualified privilege protects the work product prepared by or for another party or by or for that party's representative, such as an attorney, investigator, or agent, which was created in anticipation for litigation. *Richey*, 632 F.3d at 567 (citing *Admiral Ins. Co. v. U.S. Dist. Ct.*, 881 F.2d 1486, 1494 (9th Cir .1989); and Fed.R.Civ.P. 26(b)(3)). Similar to the attorney-client privilege, the work product doctrine's protections are waivable and the burden of proof rests with the party asserting the privilege. *Id.*; *Weil,.* 647 F.2d at 25 (citations omitted).

To qualify for work product protection, documents must: (1) be "prepared in anticipation of litigation or for trial" and (2) be prepared "by or for another party or by or for that other party's representative." *In re Grand Jury Subpoena, Mark Torf/Torf Envtl. Mgmt. (Torf)*, 357 F.3d 900, 907 (2004). In circumstances where a document serves a dual purpose, that is, where it was not prepared exclusively for litigation, then the "because of" test is used. *Id.* Dual purpose documents are deemed prepared in anticipation of litigation if "in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation." *Id.* In applying the "because of" standard, courts must consider the totality of the circumstances and determine whether the "'document was created because of anticipated litigation, and would not have been

created in substantially similar form but for the prospect of litigation.'" *Id.* at 908 (quoting *United States v. Adlman*, 134 F.3d 1194 (2d Cir.1998)).

The work product doctrine affords special protections for materials that reveal an attorney's mental impressions and opinions ("opinion" or "core" work product). *Admiral Ins. Co.*, 881 F.2d at 1494; Fed.R.Civ.P. 26(b)(3)(B). Other materials, however, may be ordered produced upon a showing of substantial need for the information and that it cannot be otherwise obtained without undue hardship. *Admiral Ins. Co.*, 881 F.2d at 1494; Fed R. Civ. P. 26(b)(3)(A)(ii). To obtain "opinion" work product, a party must show that the mental impressions of counsel are at issue and the need for the material is compelling. *Holmgren v. State Farm Mutual Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir.1992).

In this case, the threat of litigation was clear. Plaintiff counsel Attorney Michael Farnell sent GAIC a letter outlining his legal opinion regarding the status of OSF's claim and indicating that he believed OSF would prevail in litigation over the issues. GAIC immediately hired outside counsel. Therefore, any work prepared by or for that outside counsel, Attorney Douglas Houser, or any of his representatives, is protected by the work product doctrine. It applies to expert reports, attorney impressions of the case, and any communications regarding such reports or impressions.

Additionally, Plaintiff has not shown sufficient need for the documents at issue. While the complaint claims that GAIC conducted its investigation of OSF's insurance claim in a way that was onerous and in violation of the implied duty of good faith and fair dealing, the allegations pertain to the voluminous document requests, numerous examinations under oath, and other demands made by GAIC over the lengthy period of its investigation. None of these

allegations put the attorney's mental impressions at issue, and none of them require discovery of documents for which OSF does not already have access.

It is possible that many of the entries in the log were prepared for a "dual purpose." Certainly, as Plaintiff argues, the claims handling process was on-going until GAIC denied OSF's claim on August 10, 2015. A letter from Attorney Houser dated May 19, 2015 indicated that GAIC did not consider the case closed and that it would continue to process the claim. However, GAIC would not have hired outside counsel to advise it regarding OSF's claim but for the threat of litigation indicated by Plaintiff counsel's letter in April, 2014. Therefore, any documents prepared by or for Attorney Houser were prepared "because of" the anticipated litigation.

### d. Any documents prepared only for the purpose of investigating and evaluating and processing OSF's insurance claim are not protected.

Finally, the Court wants to make clear that any documents prepared by or for GAIC that relate only to the processing of Plaintiff's claim, without involvement by outside counsel, are properly discoverable, and should be produced immediately, if they have not already been produced.

### ORDER

Plaintiff's motion (#50) is denied.

ORDERED and DATED this __14__ day of November, 2016.

MARK D. CLARKE
United States Magistrate Judge